UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Benjamin Foreman,

               Petitioner,          Case Number 5:14-cv-13336
                                                  Honorable John Corbett O'Meara

v.

J A Terris,

               Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Benjamin Foreman, is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan. According to his petition, on May 16, 2006, Petitioner was convicted of possession with intent to distribute crack cocaine in the United States District Court for the Western District of Michigan. The Court sentenced him to 300 months.

The instant habeas petition asserts that his sentence is invalid because his guilty plea was never accepted in open court as required by Rule 11 of the Federal Rules of Criminal Procedure. Because Petitioner has failed to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, the petition for writ of habeas corpus is DENIED.

Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper only where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A motion to vacate

sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Id*. A motion under § 2255 affords the same rights as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974). However, unlike federal habeas corpus proceedings, a motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. Rule 4(a), 28 U.S.C. foll. § 2255; *See also Hill v. United States*, 368 U.S. 424, 427 (1962).

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *See In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim

of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler*, 180 F. 3d at 757.

Petitioner's claim that his plea is invalid is not a challenge to the manner of execution of his sentence, and it must therefore be brought in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and not in a habeas petition. *See Capaldi*, 135 F.3d at 1123; *See also Copeland v. Hemingway*, 36 Fed. App'x. 793, 794-95 (6th Cir. 2002).

Moreover, Petitioner's claim does not fall within the actual innocence exception that would allow him to file a § 2241 petition, because he does not allege that he is actually innocent.

Without any allegation that his remedy under § 2255 is inadequate or ineffective, Petitioner is not entitled to habeas relief from his criminal conviction pursuant to 28 U.S.C. § 2241. Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002).

Accordingly, the Court will deny the petition for writ of habeas corpus. This dismissal is without prejudice to Petitioner filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

III. Order

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

s/John Corbett O'Meara
United States District Judge

Date:  September 17, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 17, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager