UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN FOREMAN,

        Petitioner,               Case Number 5:14-cv-13336
                                               Honorable John Corbett O'Meara

v.

J A TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING MOTION FOR TO AMEND OR ALTER JUDGMENT [Dkt. 5]**

Petitioner, Benjamin Foreman, a federal prisoner, filed this case under 28 U.S.C. § 2241, asserting that his conviction is invalid because his guilty plea was not entered in open court. On September 17, 2014, the Court summarily dismissed the petition because Petitioner had not demonstrated that his remedy under 28 U.S.C. § 2255, was ineffective or inadequate. See *Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012). Presently before the Court is Petitioner's motion to alter or amend the judgment on the grounds that the savings clause of section 2241 permits review of his claim.

Petitioner's motion is properly analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Rule 7.1(h) allows a party to file a motion for reconsideration. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In certain circumstances, the savings clause of section 2241 is available to prisoners raising certain fundamental sentencing claims. Sentences that erroneously exceed the statutory maximum, or that were erroneously based on a statutory mandatory minimum, are cognizable under the savings clause when the error is revealed by a retroactively applicable decision of this Court that both (1) postdated the prisoner's sentencing, direct appeal, and initial Section 2255 motion; and (2) overturned circuit precedent previously foreclosing his claim. See U.S. Br. at 14-19, *Persaud v. United States*, No. 13-6435 (Dec. 20, 2013); Br. in Opp. at 12-17 & n.2. Petitioner's claim does not involve these types of alleged defects. Therefore, his motion his denied.

**SO ORDERED.**

                                                                     s/John Corbett O'Meara
                                                                     United States District Judge

Date: November 4, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 4, 2014, using the ECF system and/or ordinary mail.

                                                                     s/William Barkholz
                                                                     Case Manager